EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SUE J. BAI (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2130
     Facsimile: (213) 894-0141
     E-mail:   sue.bai@usdoj.gov

Attorneys for Plaintiff-Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 95-01094-GHK-1 |
|---|---|
| Plaintiff-Respondent, | |
| v. | GOVERNMENT'S MOTION TO DISMISS PETITIONER'S REQUEST TO INITIATE REVOCATION PROCEEDINGS FOR SUPERVISED RELEASE VIOLATION |
| DOUGLAS ELIGHA TAYLOR, | |
| Defendant-Petitioner. | |

Plaintiff-Respondent United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sue J. Bai, hereby files its motion to dismiss defendant-petitioner Douglas Eligha Taylor's ("petitioner") request to initiate revocation proceedings for violation of supervised release.  In the alternative, the government requests the Court to deny petitioner's motion.

///

///

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit. For the reasons set forth in the attached memorandum, the government believes that this matter may be resolved without a hearing.

Dated: January 5, 2017          Respectfully submitted,

                                         EILEEN M. DECKER
                                         United States Attorney

                                         LAWRENCE S. MIDDLETON
                                         Assistant United States Attorney
                                         Chief, Criminal Division

                                                /s/
                                         SUE J. BAI
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff-Respondent
                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant-Petitioner Douglas Eligha Taylor ("petitioner") filed a *pro se* petition requesting initiation of revocation proceedings for violation of supervised release. (Dkt. No. 44 at 1.)

Petitioner's request should be dismissed because under Federal Rule of Criminal Procedure 32.1, petitioner, who remains in state custody, is not entitled to initiate revocation proceedings until he is in federal custody for violating a condition of supervised release. In the alternative, the Court should deny petitioner's request for counsel and request for preliminary and revocation hearings because his current purpose for seeking relief--to challenge his state court conviction during revocation proceedings—-is improper. Moreover, challenging his state court conviction during revocation proceedings would not alter the fact that a certified copy of petitioner's state conviction record would be sufficient to revoke supervised release.

**II. BACKGROUND AND PROCEDURAL HISTORY**

**A. Petitioner is convicted and sentenced in federal court**

On January 26, 1996, petitioner pleaded guilty to the following charges in the five-count Indictment: two charges for bank robbery, in violation of 18 U.S.C. § 2113(a)(Counts 1 & 4); two charges for armed bank robbery, in violation of 18 U.S.C. § 2113(a) (d) (Counts 2 & 5); and use of a firearm during a crime of violence and forfeiture of the firearm, in violation of 18 U.S.C. §§ 924(c), 3665 (Count 3).

(Docket Number ("Dkt. No.") 8; Probation Office Violation Report ("VR") at 1.)[1]

On April 15, 1996, the Court sentenced petitioner to 147 months of imprisonment. (Dkt. No. 28.) Petitioner's sentence was comprised of 87 months on Counts 1, 2, 4, and 5, all to be served concurrently, and 60 months on Count 3, to be served consecutively to the other counts. (Id.) The Court also imposed five years of supervised release, comprised of five years on Counts 2 and 5 and three years on Counts 1, 3, and 4, all to run concurrently. (Id.)

The Court imposed several conditions on petitioner's five-year term of supervised release. Among them was the requirement that petitioner comply with General Order 318 of the Central District of California, which imposed the standard conditions of probation and supervised release, including the condition that petitioner not commit another federal, state or local crime. (Id.) The Court issued the Judgment and Commitment Order on April 16, 1996. (Dkt. No. 29.) On April 9, 2007, petitioner was released from the custody of the Federal Bureau of Prisons, and his five-year term of supervised release commenced. (VR at 1.)

**B.  Petitioner is convicted and sentenced in California state court during period of supervised release**

On or about August 14, 2008, while petitioner was subject to the Court's supervision, petitioner entered his personal bank wearing all black clothing and a scarf, while carrying a semi-automatic handgun,

---

[1] Unless otherwise indicated, all citations to "Dkt. No." refer to the clerk's record in CR 95-01094, petitioner's underlying criminal case in the Central District of California. The Probation Office has filed separately the Violation Report, the Petition for Bench Warrant following supervised release violation, and the Supplemental Report with the Court.

and demanded money from bank employees. (Probation Office Supplemental Report ("SR") at 1.) He threatened one bank employee by pushing the gun to her side while demanding that she give him money. (Id.) During the investigation, petitioner attempted to enlist one neighbor as an alibi witness for his whereabouts during the bank robbery. (Id.)

After a jury trial, petitioner was convicted of the following charges: four counts of robbery, in violation of California Penal Code § 211 (Counts 2-5); one count of felon in possession of a firearm, in violation of California Penal Code § 12021(a) (Count 6); one count of receiving known stolen property, in violation of California Penal Code § 496(a) (Count 7); and two counts of assault with a firearm on a person, in violation of California Penal Code § 245(a)(2) (Counts 8 & 9), all of which were felonies. (Id. at 2.) The state court sentenced petitioner to serve a term of imprisonment, and he is currently serving his sentence in the custody of the California Department of Corrections.[2] (Id.)

### C. Probation Office files petition alleging that petitioner violated terms of supervised release

On October 15, 2008, the Probation Office filed a petition to issue a bench warrant for petitioner, alleging he violated the terms of his supervised release based on the following actions: (1) committing burglary on or about August 14, 2008, in violation of California Penal Code § 459; (2) committing robbery on or about August 14, 2008, in violation of California Penal Code § 211; (3) possessing a firearm as a felon on or about August 14, 2008, in

---

[2] The state court records do not provide details of petitioner's sentence, including his term of imprisonment. (SR at 2.)

3

violation of California Penal Code § 12021; (4) receiving stolen property on or about August 14, 2008, in violation of California Penal Code § 496; (5) public intoxication on or about August 7, 2008, in violation of California Penal Code § 647; (6) failing to report for drug testing as directed by the Probation Officer on or about August 7, 2008; (7) failing to notify the Probation Officer of his arrest on August 7, 2008; and (8) using illicit drugs and alcohols on or about August 14, 2008. (Petition for Bench Warrant at 1.)

According to petitioner, "final sentencing was entered" and state criminal proceedings concluded on April 1, 2016. (Dkt. No. 44 at 3.)[3] On May 17, 2016, while petitioner was in state custody, a federal warrant was lodged as a detainer. (Dkt. No. 44, Exh. 1.) The petitioner currently remains in state custody and is scheduled to be released on June 24, 2024. (SR at 2.)

### D. Petitioner files request to initiate revocation proceedings for violation of supervised release

On December 14, 2016, petitioner filed *pro se* a request to initiate revocation proceedings for violation of supervised release. (Dkt No. 44.) Petitioner requests that (1) the Court appoint counsel to represent him in the supervised release revocation proceedings and that (2) the Court promptly hold preliminary and revocation hearings. (Dkt. No. 44 at 1-2 & Attch. 1 at 1-2.) Petitioner submits that he

---

[3] Dkt. No. 44 refers to petitioner's Request to Initiate Revocation Proceeding filed on December 14, 2016. According to the clerk's docket, petitioner's accompanying Memorandum of Points and Authorities is entered as Attachment 1 ("Dkt. No. 44, Attch. 1"). Petitioner also included a copy of the Inmate Notification of Detainer Receipt and labeled it as "Attachment 1," which will be referenced as "Dkt. No. 44, Exh. 1" throughout this brief to avoid confusion.

is entitled to relief under Federal Rule of Criminal Procedure 32.1 as well as principles of due process. (Id.)

The thrust of petitioner's argument seems to be that he is entitled to challenge his state court conviction during revocation proceedings. (Dkt. No. 44 at 3-4 & Attch. 1 at 3-4.) Petitioner requests initiation of revocation proceedings for the express purpose of introducing an alibi witness, who can presumably testify that petitioner did not commit the robberies and related crimes underlying the state court convictions. (Dkt. No. 44 at 3-4 & Attch. 1 at 3-4.) He argues that because his alibi witness may not survive much longer, the witness may not be able to appear at a revocation hearing in the future. (Dkt. No. 44 at 3 & Attch. 1 at 3.) Moreover, he requests an expeditious hearing because "the length of time the defendant spent in challenging the state criminal charges (8 years)" could lead to "dim memories" of witnesses and delay could deny "a fair opportunity for the defendant to effectively cross-examine witnesses [and] present competent foundational witnesses on his behalf." (Dkt. No. 44 at 4.)

### III. ARGUMENT

**A. The Court should dismiss petitioner's request because petitioner in state custody is not entitled to initiate revocation proceedings until he is in federal custody**

The procedural requirements for supervisory revocation proceedings are formalized in Federal Rule of Criminal Procedure 32.1. See United States v. Santana, 526 F.3d 1257, 1259 (9th Cir. 2008). "[T]he plain language of Rule 32.1 shows that it applies only once a supervised release violator is in custody for the violation." United States v. Magana-Colin, 359 F. App'x 837, 838 (9th Cir. 2009).

Under Rule 32.1, the defendant may request that counsel be appointed when the defendant initially appears before the Court after being "held in custody <u>for violating probation or supervised release</u>." Fed. R. Crim. P. 32.1(a)(1),(3) (emphasis added). In addition, Rule 32.1 requires the Court to conduct a preliminary hearing to determine whether there is probable cause to believe that a violation of supervised release occurred "[i]f a person is in custody for violating a condition of probation or supervised release." Fed. R. Crim. P. 32.1(b)(1)(A). Then, a revocation hearing is held "within a reasonable time" at a later date to provide a final disposition on the revocation of supervised release. Fed. R. Crim. P. 32.1(b)(2). The "operative event that triggers the requirement of a timely [revocation] hearing" is "custody under a parole violation warrant, rather than issuance of the warrant." <u>Magana-Colin</u>, 359 F. App'x at 838 (citing <u>Moody v. Daggett</u>, 429 U.S. 78, 87 (1976) (internal quotations marks omitted)).

Here, petitioner is currently in the custody of the California Department of Corrections and has not been in federal custody for violating a term of supervised release. Therefore, he is not entitled to request appointed-counsel or to have preliminary and revocation hearings. <u>See</u> Fed. R. Crim. P. 32.1; <u>Magana-Colin</u>, 359 F. App'x at 838. That the court signed a warrant and the government lodged it as a detainer while petitioner is in state custody is irrelevant because the issuance of the federal warrant, without federal custody under the warrant, does not trigger the timeliness requirement of a revocation hearing under Rule 32.1. <u>See</u> <u>Magana-Colin</u>, 359 F. App'x at 838 (holding that three-year delay between issuance of the warrant for supervised release violation and

6

commencement of the supervised release revocation hearing did not violate Rule 32.1 or Due Process Clause because timeliness requirement applies once a violator is in custody for the violation). Accordingly, this Court should dismiss petitioner's request to initiate revocation proceedings.

### B. In the alternative, the Court should deny petitioner's request for relief

The Ninth Circuit has held that a defendant may not collaterally attack a prior conviction in a supervised release revocation hearing. See United States v. Garcia, 771 F.2d 1369, 1371 (9th Cir. 1985) (citing United States v. Lustig, 555 F.2d 751, 753 (9th Cir. 1977)).[4] In Lustig, the defendant was convicted on four charges relating to the possession and distribution of cocaine while he was on probation as a result of a prior conviction for smuggling marijuana. 555 F.2d at 752. He appealed the district court's probation revocation by arguing, in part, that the original marijuana conviction and the cocaine conviction were invalid. Id. at 753. The Ninth Circuit affirmed the district court's probation revocation because the defendant could not challenge the revocation decision by collaterally attacking either the original conviction or the conviction on which the revocation decision was based. Id.

Petitioner's request to initiate revocation proceedings shows that he is similarly attempting to collaterally attack his state robbery convictions through revocation proceedings in federal court.

---

[4] For the purposes of this analysis, "[p]arole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the same manner." United States v. Hall, 419 F.3d 980, 985 n.4 (9th Cir. 2005)(citing United States v. Comito, 177 F.3d 1166, 1170 (9th Cir. 1999)). Therefore, precedent relating to parole, probation, and supervised release revocation hearings all apply equally to petitioner's case. See id.

7

During the state government's investigation, petitioner attempted to enlist one neighbor as an alibi witness for his whereabouts during the bank robbery, for which he was convicted in state court. (SR at 1.) Petitioner now requests initiation of revocation proceedings for the express purpose of introducing the alibi witness, who can presumably testify that petitioner did not commit the robberies and related crimes underlying the state court convictions. (Dkt. No. 44 at 3-4 & Attch. 1 at 3-4.) Consistent with this purpose, he requests an expeditious hearing because "the length of time the defendant spent in challenging the state criminal charges (8 years)" could lead to "dim memories" of witnesses and deny "a fair opportunity for the defendant to effectively cross-examine witnesses [and] present competent foundational witnesses on his behalf." (Dkt. No. 44 at 4.)

As in Lustig, this Court is not the proper avenue through which petitioner can challenge the underlying state court convictions. See 555 F.2d at 753. Petitioner was given ample opportunity over the course of eight years to challenge his state robbery conviction at trial and through appellate procedures in state court. If petitioner wants to collaterally attack his state conviction in federal court, he may file a *habeas corpus* petition under 28 U.S.C. § 2254. Supervised release revocation proceedings is not the proper avenue.

In addition, petitioner's challenge of his state court conviction would not alter the fact that "[a] certified copy of [his state court] conviction in itself constitutes sufficient proof that [he] has committed a crime in violation of the terms of his [supervised of release]." Garcia, 771 F.2d at 1371 (internal quotation marks and citation omitted); see also United States v. Verduzco, 330 F.3d 1182, 1184-86 (9th Cir. 2003)(holding district

8

court did not violate defendant's due process rights by revoking supervised release based solely on certified state court conviction without holding further evidentiary hearing).

Accordingly, if the Court does not dismiss petitioner's request, in the alternative, the Court should deny the request because petitioner's stated purpose for initiating revocation proceedings is improper.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court dismiss petitioner's request to initiate revocation proceedings for supervised release, or in the alternative, deny petitioner's request.